OSCAR PRYIBIL, Appellant, v. HENRY ALTEMEYER, Respondent.

St. Louis Court of Appeals, December 30, 1910.

1. BILLS AND NOTES: Ownership: Evidence. The payee named in a negotiable bill and in possession of it is prima facie its owner. •

2. ———: Payment: Evidence. The right of the payee of a negotiable bill to recover against the drawee cannot be affected by showing payment by the drawee to another, even though the payee's predecessor in title, in the absence of proof that such other was the holder of the bill or duly authorized agent of the holder, or in possession of it at the time.

Appeal from St. Louis City Circuit Court.—*Hon. Virgil Rule,* Judge.

Reversed and remanded.

*Frank E. Richey* and *Campbell Allison* for appellant.

(1) The signing of the two acceptances to Oscar Pryibil, and the acceptance of a receipt signed by the president of the Royal Cigar Company, stating "This account has been settled by two acceptances to Oscar Pryibil," shows that it was the agreement that these acceptances should operate to extinguish the debt, and the debt, as evidenced by the account of the Cigar Company against Altemeyer, was paid by these two acceptances, hence evidence of payment to the Royal Cigar Company, through constable Morrissey was inadmissible. Cave v. Hall, 5 Mo. 59; Block v. Dorman, 51 Mo. 31; Montgomery County v. Auchley, 103 Mo. 492; Commisky v. McPike, 20 Mo. App. 820; Shotwell v. Monroe, 42 Mo. App. 669. (2) The giving of the acceptances in question, and the receipt from the president of the Royal Cigar Company to the effect that the account had been settled thereby, the statement made by Pryibil to Altemeyer that the Royal Cigar Company owed him money, and that he would assume the account, are sufficient notice to Altemeyer of the assignment of the account to Pryibil. Rhodes v. Outcalt, 48 Mo. 367; Meyer v. Bloom, 80 Mo. 179; Roan v. Davis, 104 Mo. 549; Plow Co. v. Sullivan, 158 Mo. 440; Stern Auction Co. v. Mason, 16 Mo. App. 473.

*Frank B. Coleman* for respondent.

The consideration for the acceptances in question was the goods bought from the Royal Cigar Co. and it owned the acceptances unless there was at some time a valid assignment to plaintiff either of the account or

the acceptances.  The president of the Royal Cigar Co. had no authority to appropriate to himself an asset of the company.  Turner v. Hayden, 33 Mo. App. 15.  Even if there was ever a valid assignment from the Royal Cigar Co. to appellant, it could not affect respondent until he had due notice thereof.  Richards v. Griggs, 16 Mo. 416; Leahey v. Dugdale, 41 Mo. 517; Houser v. Richardson, 90 Mo. App. 134; Nielsen v. City, 91 Minn. 388.

CAULFIELD, J.—This suit originated in a justice's court of the city of St. Louis, to recover upon two negotiable bills, each for $26.53, drawn by plaintiff upon defendant, dated April 23, 1898, and payable May 10, 1898, and May 20, 1898, respectively, to the order of plaintiff, for value received, and unconditionally accepted by defendant.  They bore an endorsement in blank by plaintiff, and one of them had a credit of five dollars.

The trial in the circuit court was before a jury, defendant had judgment, and plaintiff has appealed.

The plaintiff introduced the bills in evidence.  Defendant admitted accepting them, and gave evidence tending to prove that at the time he accepted them he gave them direct to the Royal Cigar Company, a corporation, of which plaintiff was president, for goods sold and delivered.  Against the objection of plaintiff, the court permitted the defendant to introduce evidence that in 1901 he paid the amount of the bills to the Cigar Company, but the record before us does not disclose that there was any proof offered that the Cigar Company was the holder or had possession of the bills or represented the holder, at the time of the alleged payment.  The admission of said evidence of payment was error.  The plaintiff being the payee named in the bills and in possession of them at the trial is prima facie their owner.  His right to recover cannot be affected by showing payment to another, even though his predecessor in

title, without proof that such other was the holder of the bills or the duly authorized agent of the holder, or in possession of them at the time. Judgment reversed and cause remanded. *Reynolds, P. J.,* and *Nortoni, J.,* concur.